**Document Electronically Filed**

P. Anthony Sammi
Douglas R. Nemec
Marti A. Johnson
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, NY  10036-6522
(212) 735-3000
Anthony.Sammi@skadden.com
Douglas.Nemec@skadden.com
Marti.Johnson@skadden.com

Paul H. Schafhauser
HERRICK, FEINSTEIN, LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2098
pschafhauser@herrick.com
*Attorneys for Defendant*
*International Flavors & Fragrances Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| ZOOMESSENCE INC., | : | Hon. Peter G. Sheridan |
| Plaintiff, | : | Magistrate Tonianne J. Bongiovanni |
| | : | Civil No. 03:12-cv-01471 -PGS-TJB |
| - vs. - | : | **JURY TRIAL DEMANDED** |
| INTERNATIONAL FLAVORS AND FRAGRANCES INC., | : | |
| Defendant. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANSWER AND JURY DEMAND OF**
**INTERNATIONAL FLAVORS & FRAGRANCES INC.**

Defendant International Flavors & Fragrances Inc. ("IFF"), by its attorneys, hereby answers and responds to each of the allegations of Plaintiff, ZoomEssence Inc. ("ZoomEssence"), as follows:

## PRELIMINARY STATEMENT

The titles and headings in the Complaint are vague and ambiguous and not susceptible of response.  To the extent that any of those headings are deemed to constitute allegations against IFF and that a response to any of those headings is deemed to be required, IFF denies each and every allegation contained therein.

(First Unnumbered Paragraph.)  The first unnumbered paragraph of the Complaint is descriptive and not susceptible of response.  To the extent that a response is deemed required, IFF denies the allegations of the first unnumbered paragraph of the Complaint except admits that the Complaint purports to contain allegations by ZoomEssence against IFF.

1.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint and on that basis deny the allegations contained therein.

2.      Admit that IFF is a New York corporation with a principal place of business located at 521 West 57th Street, New York, New York.

3.      Deny the allegations contained in paragraph 3 of the Complaint except admit that Plaintiff purports to invoke this Court's jurisdiction under 28 U.S.C. § 1332.

4.      Deny the allegations contained in paragraph 4 of the Complaint except admit that venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

1

5.      Deny the allegations contained in paragraph 5 of the Complaint except admit that Plaintiff has asserted a claim against IFF for misappropriation of trade secrets.

6.      Deny the allegations contained in paragraph 6 of the Complaint except admit that spray-drying can be used to create powdered flavors.

7.      Deny the allegations contained in paragraph 7 of the Complaint except admit that powdered flavors are used in a variety of consumer products.

8.      Deny the allegations contained in paragraph 8 of the Complaint except admit that IFF entered into certain agreements with Plaintiff for the purpose of evaluating technology purportedly developed by Plaintiff and exploring the potential for a licensing arrangement.  IFF further admits that during this period IFF engineers visited Plaintiff's facility and provided Plaintiff with certain flavor samples to process.

9.      Deny the allegations contained in paragraph 9 of the Complaint except admit that Plaintiff purports to seek injunctive and monetary relief.

10.      Deny knowledge or information sufficient to form a belief as to any allegations contained in paragraph 10 of the Complaint, and on that basis deny the allegations contained therein, except admit that spray-drying can be used to create powdered flavors.

11.      Deny knowledge or information sufficient to form a belief as to any allegations contained in paragraph 10 of the Complaint, and on that basis deny the allegations contained therein, except admit that a slurry is commonly a liquid emulsion and that the process of spray-drying involves spraying the slurry into a drying chamber where the liquid can be evaporated leaving a powdered product.

2

12.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint, and on that basis deny the allegations contained therein, except admit that heated air can be used in spray-drying.

13.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint and on that basis deny the allegations contained therein.

14.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint and on that basis deny the allegations contained therein.

15.     Deny the allegations contained in paragraph 15 of the Complaint.

16.     Deny the allegations contained in paragraph 16 of the Complaint.

17.     Deny the allegations contained in paragraph 17 of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint and on that basis deny the allegations contained therein.

19.     Deny the allegations contained in paragraph 19 of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint and on that basis deny the allegations contained therein.

21.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint and on that basis deny the allegations contained therein.

3

22.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint and on that basis deny the allegations contained therein.

23.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint and on that basis deny the allegations contained therein.

24.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint, and on that basis deny the allegations contained therein, except admit that the parties executed a confidentiality agreement during or around January 2010 ("Confidentiality Agreement").

25.     Admit that paragraph 25 of the Complaint accurately quotes a portion of paragraph 7 of the Confidentiality Agreement but deny any characterization of the substance or content of the Confidentiality Agreement or other allegations contained in paragraph 25 of the Complaint.

26.     Admit that paragraph 26 of the Complaint accurately quotes certain language from the Confidentiality Agreement but deny any characterization of the substance or content of the Confidentiality Agreement or other allegations contained in paragraph 26 of the Complaint.

27.     Admit that paragraph 27 of the Complaint accurately quotes a portion of paragraph 1 of the Confidentiality Agreement but deny any characterization of the substance or content of the Confidentiality Agreement or other allegations contained in paragraph 27 of the Complaint.

4

28.     Admit that paragraph 28 of the Complaint accurately quotes the language of paragraphs 3(b)–(e) of the Confidentiality Agreement; deny that the purported quotation of paragraph 3(a) of the Confidentiality Agreement is accurately rendered; and deny any characterizations of the substance or content of the Confidentiality Agreement or other allegations contained in paragraph 28 of the Complaint.

29.     Admit that paragraph 29 of the Complaint accurately quotes the language of paragraph 4 of the Confidentiality Agreement but deny any characterizations of the substance or content of the Confidentiality Agreement or other allegations contained in paragraph 28 of the Complaint.

30.     Admit that paragraph 30 of the Complaint accurately quotes the language of paragraph 6 of the Confidentiality Agreement but deny any characterization of the substance or content of the Confidentiality Agreement or other allegations contained in paragraph 30 of the Complaint.

31.     Admit that paragraph 31 of the Complaint accurately quotes a portion of paragraph 8 of the Confidentiality Agreement but deny any characterization of the substance or content of the Confidentiality Agreement or other allegations contained in paragraph 31 of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint and on that basis deny the allegations contained therein.

33.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint and on that basis deny the allegations contained therein.

34.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint and on that basis deny the allegations contained therein.

35.     Deny that IFF was "favorably impressed" by the quality of Plaintiff's flavors; otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint and on that basis deny the allegations contained therein.

36.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint and on that basis deny the allegations contained therein.

37.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint, and on that basis deny the allegations contained therein, except admit that certain IFF employees toured Plaintiff's facility during or around 2010.

38.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Complaint and on that basis deny the allegations contained therein.

39.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Complaint and on that basis deny the allegations contained therein.

40.     Admit that during or around March 2010, the parties executed a letter agreement in connection with IFF's evaluation of certain technology purportedly developed by

Plaintiff but deny any characterization of the substance or content of the letter agreement or other allegations contained in paragraph 40 of the Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Complaint and on that basis deny the allegations contained therein.

42.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Complaint and on that basis deny the allegations contained therein.

43.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Complaint and on that basis deny the allegations contained therein.

44.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Complaint and on that basis deny the allegations contained therein.

45.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Complaint and on that basis deny the allegations contained therein.

46.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint and on that basis deny the allegations contained therein.

47.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Complaint and on that basis deny the allegations contained therein.

48.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Complaint and on that basis deny the allegations contained therein.

49.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Complaint and on that basis deny the allegations contained therein.

50.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Complaint and on that basis deny the allegations contained therein.

51.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Complaint and on that basis deny the allegations contained therein.

52.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the Complaint and on that basis deny the allegations contained therein.

53.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the Complaint and on that basis deny the allegations contained therein.

54.     Deny the allegations contained in paragraph 54 of the Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of the Complaint and on that basis deny the allegations contained therein.

56.     Responses to all foregoing paragraphs are incorporated herein.

57.     Deny the allegations contained in paragraph 57 of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the Complaint and on that basis deny the allegations contained therein.

59.     Deny the allegations contained in paragraph 59 of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 of the Complaint and on that basis deny the allegations contained therein.

61.     Deny the allegations contained in paragraph 61 of the Complaint.

62.     Deny the allegations contained in paragraph 62 of the Complaint except admit that Plaintiff purports to be seeking monetary damages, disgorgement of profits, attorneys' fees, and costs.

63.     Deny the allegations contained in paragraph 63 of the Complaint except admit that Plaintiff purports to be seeking injunctive relief.

64.     Responses to all foregoing paragraphs are incorporated herein.

65.     Deny the allegations contained in paragraph 65 of the Complaint.

66.     Deny the allegations contained in paragraph 66 of the Complaint.

67.     Deny the allegations contained in paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint alleges that IFF has been injured in an amount no less than $1 million, plus attorneys' fees, and costs.  IFF interprets this to be a typographical error and assumes that Plaintiff intended this paragraph to refer to itself. Accordingly, the allegations contained in paragraph 68 of the complaint are denied except to admit that plaintiff purports to be seeking monetary damages, attorneys' fees, and costs.

9

69.     Responses to all foregoing paragraphs are incorporated herein.

70.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 70 of the Complaint and on that basis deny the allegations contained therein.

71.     Deny the allegations contained in paragraph 71 of the Complaint.

72.     Deny the allegations contained in paragraph 72 of the Complaint except admit that Plaintiff purports to be seeking monetary damages, disgorgement of profits, attorneys' fees, and costs.

73.     Responses to all foregoing paragraphs are incorporated herein.

74.     Deny the allegations contained in paragraph 74 of the Complaint.

75.     Deny the allegations contained in paragraph 75 of the Complaint.

76.     Deny the allegations contained in paragraph 76 of the Complaint except admit that Plaintiff purports to be seeking monetary damages, disgorgement of profits, attorneys' fees, and costs.

77.     Responses to all foregoing paragraphs are incorporated herein.

78.     Deny the allegations contained in paragraph 78 of the Complaint except admit that Plaintiff purports to be seeking punitive damages.

79.     Deny all allegations in the Complaint that are not otherwise specifically admitted in this Answer.

WHEREFORE, IFF demands judgment dismissing the Complaint, awarding legal fees and costs of suit, and granting such other and further relief as the Court may deem just and equitable.

## AFFIRMATIVE DEFENSES

Having answered Plaintiff's Complaint, IFF sets forth its affirmative defenses as follows:

### First Affirmative Defense

80.    Plaintiff fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

81.    Plaintiff's Complaint is frivolous within the meaning of Fed. R. Civ. P. 11.

### Third Affirmative Defense

82.    Plaintiff's claims are barred by insufficiency of service of process and/or insufficiency of process.

### Fourth Affirmative Defense

83.    Plaintiff has failed to state its allegations with the requisite specificity.

### Fifth Affirmative Defense

84.    Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel, waiver, and/or acquiescence.

### Sixth Affirmative Defense

85.    Plaintiff's claim for misappropriation of trade secrets fails to state facts sufficient to constitute a cause of action because Plaintiff has not and cannot establish the existence of a trade secret under New Jersey law.   Moreover, Plaintiff has not defined its purported trade secret with reasonable particularity.

### Seventh Affirmative Defense

86.    Plaintiff's claim for misappropriation of trade secrets fails to state facts sufficient to constitute a cause of action because the allegations of misappropriation are false.

11

IFF has independently developed its technology, spray drying systems and processes, and slurry formulations and has not improperly used and is not improperly using any alleged trade secret of Plaintiff's.

### Eighth Affirmative Defense

87.     Plaintiff's claim for breach of contract fails to state facts sufficient to constitute a cause of action because the allegations that IFF breached a contract or agreement with Plaintiff are false.  IFF has not breached any contract or agreement that it either has or may have had with Plaintiff.

### Ninth Affirmative Defense

88.     Plaintiff's claim for unjust enrichment fails to state facts sufficient to constitute a cause of action because the allegations contained in Plaintiff's Complaint are false. IFF has not improperly utilized any alleged proprietary technology of Plaintiff's and thus has not been unjustly enriched.

### Tenth Affirmative Defense

89.     Plaintiff's claim for breach of the duty of good faith and fair dealing fails to state facts sufficient to constitute a cause of action because it has not sufficiently demonstrated, nor can it sufficiently demonstrate, that IFF owes any such duty to Plaintiff. Further, without admitting that any such duty exists, Plaintiff's allegations that IFF breached such a duty are false.  IFF has not breached any duty of good faith or fair dealing to Plaintiff.

### Eleventh Affirmative Defense

90.     Without in any way admitting that any of the conduct alleged in Plaintiff's Complaint occurred or is in any way unlawful, IFF asserts that Plaintiff may not recover any

damages sought therein because there exists no causal relationship between the alleged wrongdoing and the injuries allegedly sustained by Plaintiff.

## Twelfth Affirmative Defense

91.     Plaintiff's claims are barred, in whole or in part, because any such recovery would be a windfall resulting in unjust enrichment to Plaintiff.  Moreover, Plaintiff has knowingly and substantially benefited from the skill and advice offered to it by employees of IFF and has not paid any compensation to IFF for these benefits.   Any recovery for the claims asserted here would result in Plaintiff's unjust enrichment.

## Thirteenth Affirmative Defense

92.     Plaintiff failed to act reasonably to mitigate, minimize or avoid the damages allegedly incurred, if any, and therefore any recovery must be reduced in whole or in part.

## Fourteenth Affirmative Defense

93.     To the extent Plaintiff seeks equitable relief, it is not entitled to such relief because the injury allegedly suffered by Plaintiff, if any, would be adequately covered by an action at law for damages.

## Fifteenth Affirmative Defense

94.     To the extent Plaintiff seeks exemplary or punitive damages, any such relief would violate statutory limitations on damages.  Without in any way admitting that any of the conduct alleged in Plaintiff's Complaint occurred or is in any way unlawful, IFF asserts that Plaintiff cannot show, by clear and convincing evidence, that the alleged harm suffered was the result of IFF's alleged conduct or that such alleged conduct was actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by such conduct.  Further, any award of exemplary or punitive damages would violate IFF's rights

13

under the Fourteenth Amendment to the United States Constitution and under the New Jersey State Constitution.

### Sixteenth Affirmative Defense

95.     IFF hereby gives notice that it intends to rely upon such other and further defenses as they are discovered or otherwise become available and reserves its rights to amend its Answer and assert such defenses.

WHEREFORE, IFF demands judgment dismissing the Complaint, awarding legal fees and costs of suit, and granting such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

/s/ Paul H. Schafhauser_____

P. Anthony Sammi
Douglas R. Nemec
Marti A. Johnson
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, NY  10036-6522
(212) 735-3000

Paul H. Schafhauser
Michelle Sekowski
HERRICK, FEINSTEIN, LLP
One Gateway Center
Newark, New Jersey  07102
(973) 274-2098

Dated:  April 20, 2012

14

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(d), IFF hereby demands a trial by jury on all issues so triable.

Dated:  April 20, 2012

Respectfully submitted,

/s/ Paul H. Schafhauser_____

P. Anthony Sammi
Douglas R. Nemec
Marti A. Johnson
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, NY  10036-6522
(212) 735-3000

Paul H. Schafhauser
Michelle Sekowski
HERRICK, FEINSTEIN, LLP
One Gateway Center
Newark, New Jersey  07102
(973) 274-2098

*Attorneys for Defendant International
Flavors & Fragrances Inc.*

15

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing

Answer of International Flavors & Fragrances Inc. is being served in its entirety via electronic

mail and First Class Mail on the following counsel of record:

Lita Beth Wright, Esq.
Steven G. Storch, Esq.
Avery Samet, Esq.
STORCH, AMINI & MUNVES PC
140 East 45th Street
New York, New York 10017

Dated:  April 20, 2012

/s/ Paul H. Schafhauser____

16