*Document Filed Electronically*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZOOMESSENCE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> INTERNATIONAL FLAVORS AND FRAGRANCES INC. <br><br> Defendant. | Civil Action No. 12-cv-01471 (PGS) (TJB) <br><br> **PROPOSED JOINT DISCOVERY PLAN** <br><br> Scheduling Conference Date: |

1. **Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

   For Plaintiff ZoomEssence, Inc.:

   Steven G. Storch, Esq.
   Lita Beth Wright, Esq.
   Avery Samet, Esq.
   STORCH AMINI & MUNVES PC
   Two Grand Central Tower
   140 East 45th Street, 25th Floor
   New York, New York 10017
   Telephone: (212) 490-4100
   Fax: (212) 490-4208
   Email: sstorch@samlegal.com
   　　　　lbwright@samlegal.com
   　　　　asamet@samlegal.com

   For Defendant International Flavors & Fragrances Inc.:

   Paul H. Schafhauser, Esq.
   Michelle M. Sekowski, Esq.
   HERRICK, FEINSTEIN LLP
   One Gateway Center, 22nd Floor
   Newark, New Jersey 07102
   Telephone: (973) 274-2000
   Fax: (973) 274-2500
   Email: pschafhauser@herrick.com
   　　　　msekowski@herrick.com

Douglas R. Nemec, Esq.
Marti A. Johnson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Fax: (917) 735-2000
douglas.nemec@skadden.com
marti.johnson@skadden.com

2. **Set forth a brief description of the case, including the causes of action and defenses asserted.**

   In its Complaint, plaintiff ZoomEssence, Inc. ("ZE") alleges that defendant International Flavors & Fragrances Inc. ("IFF") misappropriated certain trade secrets and confidential technology that it shared with IFF concerning a spray drying system used for converting liquids to powders at ambient temperatures. ZE further claims that IFF breached its contract with ZE by, among other things, misusing and improperly retaining certain evaluation materials supplied by ZE. IFF denies any liability to ZE and, more specifically, denies that it has misappropriated ZE's technology, denies that the technology at issue constitutes a trade secret, and denies that IFF misused or improperly retained the evaluation materials. IFF further denies the existence of any compensable damages.

3. **Have settlement discussions taken place? Yes _____ No __X__**

   a. **What was Plaintiffs' last demand?**

      i. Monetary demand: $_____

      ii. Non-monetary demand: _____

   b. **What was Defendants' last offer?**

      i. Monetary offer: $_____

      ii. Non-monetary offer: _____

4. **The parties [have__X__ have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).**

   The parties conferred by telephone and email in connection with their preparation of this Proposed Joint Discovery Plan.

5. **The parties [have _____ have not __X__] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.**

   The parties previously engaged in expedited discovery in this matter. The parties will exchange their Rule 26 disclosures within fourteen (14) after their Rule 26(f) conference held on September 19, 2012, or by October 4, 2012.

6. **Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).**

   The parties do not anticipate any problems with completing the Rule 26 disclosures.

7. **The parties [have__X__ have not _____] conducted discovery other than the above disclosures. If so, describe.**

   The parties engaged in expedited discovery (including limited document productions and limited depositions) related to ZE's motions for a preliminary injunction and for a temporary restraining order.

8. **Proposed joint discovery plan:**

   a. **Discovery is needed on the following subjects:**

      Discovery is needed on all subjects relevant to the disposition of this matter.

   b. **Discovery [should__X__ should not _____] be conducted in phases or be limited to particular issues. Explain.**

      As indicated more fully below, the parties believe that fact discovery and expert discovery should be completed separately.

   c. **Proposed schedule:**

      i. **Fed. R. Civ. P. 26 Disclosures.** Within fourteen (14) days from the parties' Rule 26(f) conference, or by October 4, 2012.

      ii. **E-Discovery conference pursuant to L. Civ. R. 26.1(d).** The parties addressed the issues set forth in L. Civ. R. 26.1(d) during the course of preparing the Proposed Joint Discovery Plan, so a further e-discovery conference is unnecessary at this time.

      iii. **Service of initial written discovery.** Pursuant to this Court's Letter Order, entered on September 15, 2012, the parties may issue written discovery requests and interrogatories immediately upon this Court's entry of a Scheduling Order.

      iv. **Maximum of __25__ Interrogatories by each party to each other party.**

      v. **Maximum of _____ fact depositions to be taken in this case by each party.** It is IFF's position that no more than 10 fact depositions should be taken in this case by each party. It is ZoomEssence's position that, until it has an opportunity to review IFF's Rule 26(a) disclosures, it cannot confirm that it will not seek more than 10 fact depositions.

3

      vi.    **Motions to amend or to add parties to be filed by:** Only by agreement of the parties and/or with leave of Court.

      vii.    **Factual discovery to be completed by:** The parties have been unable to reach agreement on the amount of time needed to complete factual discovery.

          ZE had initially proposed that factual discovery be completed within three (3) months after the entry of the Discovery Schedule by the Court. In response, IFF proposed that factual discovery be completed within eight (8) months after the entry of the Discovery Schedule by the Court. During the parties' Rule 26(f) conference, ZE asked IFF to consider a shorter fact discovery period, and IFF agreed to a fact discovery period of six (6) months after the entry of the Discovery Schedule by the Court. It is ZE's position, however, that factual discovery should be completed within four (4) months after the entry of the Discovery Schedule by the Court.

      viii.    **Plaintiff's expert report(s) due on:** Thirty (30) days following the completion of fact discovery.

      ix.    **Defendant's expert report(s) due on:** Thirty (30) days after the service of Plaintiff's expert report(s).

      x.    **Expert depositions to be completed by:** Within thirty (30) days after the service of Defendant's expert report(s).

      xi.    **Dispositive motions to be served within __30__ days of completion of expert discovery.**

    d.  Set forth any special discovery mechanism or procedure requested. None

    e.  **A pretrial conference may take place on:**

    f.  **Trial date:** _____ (__X__ Jury Trial; ____ Non-Jury Trial).

9. **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? If so, please explain.**

      Yes __X__ No _____

    ZE intends to seek documents from and the deposition of Nicolas Gebara, a current employee of IFF, who now works for IFF in Dubai. IFF advises that such discovery, including Mr. Gebara's deposition, may implicate certain privacy laws of the United Arab Emirates. The parties will advise the Court if Court intervention is necessary.

10. **Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**

4

Yes __X__ No _____

**If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.**

The expedited discovery involved electronically stored information, and the parties anticipate engaging in fact discovery in the same manner, as well as in accordance with the Stipulated Confidentiality and Protective Order.

However, the parties have been unable to reach agreement on IFF's production of electronic 'custodian' information, the computer data field that indicates where (i.e., from whose computer) an electronic document originated. ZE believes that IFF should produce the custodian data-field for each of its electronic documents and IFF disagrees. If the parties are unable to resolve this issue prior to the Scheduling Conference, they will further outline their respective positions for the Court.

In addition, and as discussed in item 9, IFF advises that the collection of electronic information from Mr. Gebara may implicate the privacy laws of the United Arab Emirates. In particular, IFF will confirm whether or not Mr. Gebara's IFF-issued laptop, currently with him in Dubai, contains electronic information responsive to ZE's requests or relevant to this action.

**11. Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S.**

The Court entered a Stipulated Confidentiality and Protective Order on June 19, 2012.

**12. Do you anticipate any discovery problem(s) not listed above? Describe.**

Yes _____ No __X__

**13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

IFF believes that private mediation may be appropriate in the instant matter. ZE does not believe mediation is appropriate at this time.

**14. Is this case appropriate for bifurcation?** Yes _____ No __X__

**15. An interim status/settlement conference (with clients in attendance), should be held:**

An interim status conference should be held as soon as practicable after Plaintiff's motion for a preliminary injunction has been decided.

16. The parties [do __X__ do not ____] consent to the trial being conducted by a Magistrate Judge.

17. **Identify any other issues to address at the Rule 16 Scheduling Conference.**

    The parties anticipate seeking the Court's guidance regarding a notification made by IFF of inadvertently produced privileged materials and a request for their return or destruction pursuant to the Stipulated Confidentiality and Protective Order, Fed. R. Civ. P. 26(b)(5)(B), and Fed. R. Evid. 502.

    The parties seek a ruling on their letters dated July 3, 6 and 9, 2012 concerning (i) the assertion of the attorney-client privilege over certain information related to IFF's patent application, and (ii) the production of ZE's patent application. IFF has agreed to produce its patent application.

    ZE believes that IFF over-designated documents produced in expedited discovery as "For Outside Counsel's Eyes Only" and that IFF should re-designate its documents with lower levels of confidentiality. If the parties cannot reach an agreement, ZE will submit a letter to the Court regarding this topic.

    ZE believes that IFF's designated Rule 30(b)(6) witness on the topic of IFF's identification and destruction of Evaluation Material (as that term was defined by the parties' March 18, 2010 letter agreement) was not prepared to testify about this topic during his deposition in expedited discovery as required under Rule 30. Therefore, ZE requests that IFF produce a properly prepared witness during merits discovery.

    Finally, as discussed above, the parties may also need to address the issue of discovery from Mr. Gebara (see item 9) and IFF's production of electronic custodial information (item 10).

    The parties are to continuing to negotiate on these outstanding issues, and will advise the Court if they are resolved prior to the Scheduling Conference.

| STORCH AMINI & MUNVES PC<br>Counsel for Plaintiff ZoomEssence, Inc. | HERRICK, FEINSTEIN LLP<br>Counsel for Defendant International Flavors & Fragrances Inc. |
|---|---|
| By: *Lita Beth Wright*<br>    Lita Beth Wright | By: *[signature]*<br>    Paul H. Schafhauser |
| Dated: September 25, 2012 | Dated: September 25, 2012 |