NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZOOMESSENCE, INC., : | |
| : | Civil Action No. 12-1471 (PGS) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| INTERNATIONAL FLAVORS AND : | MEMORANDUM OPINION |
| FRAGRANCES, INC., : | |
| : | |
| Defendants. : | |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Defendant International Flavors and Fragrances, Inc.'s ("IFF") Motion to Quash or Stay Compliance with the Third-Party Subpoenas and for Related Relief. [Docket Entry No. 107]. Plaintiff ZoomEssence, Inc. ("ZE") opposes IFF's motion. [Docket Entry No. 108]. The Court has fully reviewed and considered all of the papers submitted in support of and in opposition to IFF's motion and considers same without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, consistent with this Memorandum Opinion and the accompanying Order, IFF's motion to quash is DENIED.

**I.      Background and Procedural History**

The parties and the Court are all familiar with the facts underlying this litigation. As such, they are not restated at length herein. This is an action for misappropriation of a trade secret, breach of contract and the duty of good faith and fair dealing while engaged in that misappropriation, as well as common law unfair competition and unjust enrichment. *ZE's Brief in Opposition,* Docket Entry No. 108, at *5. ZE claims that IFF's product "tru2Nature" was created

by IFF after ZE "shared its trade secrets and technology with [IFF]" and that IFF misused ZE's proprietary information and technology to create same. *Id.* at *6.   In October of 2012, ZE issued several subpoenas seeking information related to the marketing and sale of IFF's "tru2Nature" product upon third parties, namely, IFF's customers. IFF objected, claiming lack of notice, and after reviewing informal briefing on the issue, the Court declined to quash the subpoenas in a Letter Order ("Letter Order") dated November 20, 2012 [Docket Entry No. 104].   The Court ordered that the response date for the subpoenas was set for December 14, 2012 and that the recipients must comply with the subpoenas if no motion was made by the recipients or IFF by that date. *Id.*   The instant motion followed.

II.   Arguments

   A.  IFF's Argument

**1. Quashing or Staying Compliance with the Subpoenas**

IFF contends that the subpoenas should be quashed, or in the alternative, that compliance with same should be stayed pending decision on IFF's Motion to Bifurcate [Docket Entry No. 112][1].   IFF wishes to bifurcate the case at trial into liability and damages and stay all discovery related to damages, arguing that "the salient issues pertaining to liability involve different documents, different custodians, different time periods, and different witnesses than do the issues pertaining to damages." *IFF's Brief in Support,* Docket Entry No. 107-4, at *7.   IFF includes within their brief case law addressing its bifurcation argument and why it is appropriate in this matter.   In contemplation of that forthcoming motion to bifurcate, IFF filed the instant motion claiming that "[t]he Subpoenas primarily relate to ZE's alleged damages" and that "compliance with [same] should be stayed pending a determination on IFF's request regarding bifurcation." *Id.*

---

1 The Motion to Bifurcate was not yet filed at the time the instant motion was filed.

at *4.  IFF argues that compliance now could ultimately be unnecessary or wholly premature if the case were to be bifurcated and would therefore cause an undue burden upon the third parties producing.  IFF contends that ZE should be required to prove liability before extensive discovery into the issue of damages is permitted.  IFF further argues that there is a "tremendous imbalance in the parties' respective discovery burdens." *Id.* at * 9.  IFF claims that, as an international business, the burden to produce is far greater on it than any burden on ZE would be.  IFF maintains that all parties involved, including the Court, will save valuable resources if the motion is granted.

IFF claims that it attempted to confer with opposing counsel in advance of filing the instant motion in hopes of resolving the parties' concerns without resorting to motion practice.  IFF's counsel, Mr. Paul H. Shafhauser, Esq. wrote to ZE's counsel, Ms. Lita Beth Wright, Esq. to request, *inter alia,* "that ZE consent to a bifurcation of this matter" and to "agree to hold compliance with the Subpoenas in abeyance."  Likewise, Ms. Michelle M. Sekowski, Esq., left phone messages with Ms. Wright seeking consent to the bifurcation and the stay.  Both stated that Ms. Wright had not responded to their correspondence. *See* Declaration of Paul H. Shafhauser, Esq., Docket Entry No. 107-1 at ¶¶8, 9 and Declaration of Michelle M. Sekowski, Esq. Docket Entry No. 107-3 at ¶¶3, 5.

### 2.  Designation of Produced Documents as FOCO

IFF additionally moves the Court to enter an Order directing that any documents produced in response to the subpoenas be deemed as For Outside Counsel's Eyes Only ("FOCO") for at least thirty days.  IFF argues that the material sought is confidential and "competitively sensitive information regarding tru2Nature." *IFF's Brief in Support,* Docket Entry No. 107-4, at *10.  IFF declares that it has designated such materials as FOCO under the Stipulated Confidentiality and

Protective Order [Docket Entry No. 61]. Pointing to Paragraph 19 of same, IFF argues that it is "entitled to receive and review document productions by other parties to determine whether such documents have been appropriately designated." *Id.* IFF claims that unfettered dissemination of such information could result in harm to IFF. IFF requests the thirty day period in order to "have an opportunity to review such matter and request that any necessary document designations or re-designations be made in the interim." *Id.* at *11.

### B. ZE's Argument

#### 1. Quashing or Staying Compliance with the Subpoenas

Before substantively objecting to IFF's motion, ZE argues that IFF's attempt at a good faith meet and confer was severely lacking, at best. ZE clarifies that both Mr. Shafhauser's letter and Ms. Sekowski's phone calls were made on the Friday afternoon that the instant motion was filed and notes that the motion to bifurcate had not been filed yet. In their correspondence, IFF's request was threefold: 1) that ZE consent to bifurcation of the case; 2) that ZE agree to a stay of compliance for the subpoenas; and 3) that ZE further agree that all third party productions be deemed FOCO for 30 days "irrespective of the third parties' designations[,]" *ZE's Brief in Opposition,* Docket Entry No. 108, at *9. ZE cites case law where attorneys were found to have violated the good faith meet and confer requirement of L.Civ.R. 37.1(a)(1). *See Locascio v. Balicki,* 2010 WL 5418906, at *3 (D.N.J. Dec. 23, 2010) ("Simply sending a letter to opposing counsel complaining about outstanding discovery does not satisfy Rule 37's good faith requirement."); *Stillaguamish Tribe of Indians v. Nelson,* 2012 WL 1855763, at *2 (W.D. Wash. May 21, 2012) ("While counsel attempted to meet and confer the same day it filed the motion, the court cannot conclude that it was a good faith effort"). ZE argues that the failure to meet and confer resulted in unnecessary motion practice and burdens the parties and the Court.

4

ZE begins by arguing that IFF's motion is not a substantive objection to the subpoenas "as contemplated by the Letter Order" issued by this Court. *ZE's Brief in Opposition,* Docket Entry No. 108, *9. ZE notes that IFF's brief contains a section addressing its bifurcation argument and responds that "[b]ifurcation…is not before the Court" but nevertheless responds to IFF's arguments by maintaining that such bifurcation of the issues and the split of discovery should have been considered when the parties submitted the Joint Discovery Plan.[2]. *Id.* at 12.   ZE also argues that there is no standard by which this motion can be measured, as IFF has not cited to a rule or statute.   ZE maintains that, in the absence of such a standard, the motion should be considered as one for a protective order with IFF bearing the burden of proving good cause.   ZE contends that this requires IFF to show "a clear case of hardship or inequity in being required to go forward" and that IFF has not made such a showing. *Id.* at *10 (internal citation omitted).

ZE also takes issue with IFF's contention that the subpoenas primarily concern the issue of damages.   ZE criticizes IFF's lack of an exhibit or example of the subpoenas and counters that "[m]ost, if not practically all, of the [subpoenas] address some element of Plaintiff's causes of action, including liability." *Id.* at *11.   ZE argues that no burden will flow to IFF by requiring production by parties other than itself and further notes that none of the subpoenaed third parties have moved the Court for any relief with respect to the subpoenas.   Indeed, ZE argues that several recipients have produced documents and that others are still collecting. *Id.*

### 2. Designation of Produced Documents as FOCO

IFF's request to deem documents produced by the third parties as FOCO for a period of at least thirty days is characterized by ZE as a motion to amend the protective order.   ZE argues that

---

2  While the Court concurs that the Motion to Bifurcate is not before the Court, the Court finds that the inclusion of arguments in support of and in opposition to the Motion to Bifurcate were included to provide the context surrounding the motion.

the protective order "makes all of its terms, rights and obligations, including the ability to designate documents FOCO, available to the third party subpoena recipients." *Id.* at *13, quoting *Stipulated Confidentiality and Protective Order* [Docket Entry No. 61, at ¶3].   ZE claims that IFF is trying to get pre-designation oversight over the documents in third parties' possession and that it has put forth no reason why the third parties are incapable of making such a designation themselves. *Id.* at *14.   Lastly, ZE notes that all third parties until this point have designated all documents produced as FOCO and that IFF's concerns are therefore unwarranted. *Id.* at *13.   Furthermore, ZE states that the "challenge procedure" already in the protective order was put in place so that any party would have the right to challenge any designations it didn't deem proper. *Id.* at *14.

### C. IFF's Reply

#### 1. Quashing or Staying Compliance with the Subpoenas

IFF begins by noting that, in the time since ZE's opposition had been filed, IFF indeed filed its motion to bifurcate, as promised.   IFF argues that courts "generally stay damages-related discovery where they find that bifurcation of liability and damages is warranted." *IFF's Letter Brief in Reply,* Docket Entry No. 116, at *2.   IFF argues that a stay of compliance with the subpoenas would "maintain the *status quo* pending disposition of the motion to bifurcate[.]" *Id.*

IFF again asserts that the information sought by the subpoenas is "clearly aimed at obtaining evidence of ZE's purported damages." *Id.* at *3.   IFF therefore argues that compliance be stayed so that IFF and its customers be saved from a burden that "may prove to be wholly unnecessary[.]" *Id.*

As to ZE's claims that IFF failed to meet and confer, IFF counters that it "repeatedly attempted to contact ZE's counsel to discuss the matter before filing the instant motion" and that

6

ZE never responded. *Id.* at *4.   Additionally, IFF claims that even after filing the instant motion it still never heard from ZE until IFF followed up several days later when ZE informed IFF that it was planning to file opposition. *Id.*

### 2. Designation of Produced Documents as FOCO

IFF acknowledges that the protective order provides a challenge procedure to all parties, but argues that "the parties clearly intended that process to apply to any alleged *over-designation* of materials as 'Confidential' or 'FOCO'[.]" *Id.* at 5.   IFF, however, envisions a scenario where there is an under-designation of documents as FOCO.   IFF claims that the subpoenaed third parties are in possession of its confidential and proprietary information and that there is a potential danger of an under-designation of materials as FOCO.   Furthermore, although IFF would indeed have the right to challenge such designations as improper, the initial designation would remain in place until the Court determines that it was in fact, improper, giving ZE time to view and possibly to share such information with competitors. *Id.*   IFF concludes that, by granting this request, it would have the opportunity to review which documents are important and that such review would not prejudice ZE's rights.

### III.   Analysis

"It is...well settled that Magistrate Judges have broad discretion to manage their docket, and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion" (*Gerald Chamales Corp. v. Oki Data Americas, Inc.,* 247 F.R.D. 453 (D.N.J. 2007).   When a party wishes to stay discovery sought via subpoena, the Court has authority to quash or modify it upon a timely motion by the party served. FED.R.CIV.P. 45(c)(3). In pertinent part, pursuant to Rule 45(c)(3)(A):

>   (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it…
>       (iv) subjects a person to undue burden.

*Id.*

In assessing the burden on the subpoenaed entity against the benefit conferred on the serving party, the Court may consider the following factors:

> 1. The party's need for the production;
> 2. The nature and importance of the litigation;
> 3. Relevance;
> 4. The breadth of the request for the production;
> 5. The time period covered by the request;
> 6. The particularity with which the documents are described; and
> 7. The burden imposed on the subpoenaed entity.

*OMS v. Lebanon*, supra.

### A. Quashing or Staying Compliance with the Subpoenas

The Court initially finds that the present motion was not a concern that was contemplated when It issued the Letter Order, affording Defendant "ample time to object *substantively* to the subpoenas[.]" *Letter Order,* Docket Entry No. 104 (emphasis added). Indeed, the present motion is not a substantive objection to the subpoenas, but is one that is grounded in undue burden and judicial economy. Nevertheless, the Court will address the motion as argued by the parties.

As a threshold matter, while the Court finds that neither party was disingenuous in attempting to meet and confer, the Court will note that waiting until the day a motion is to be filed is not how the meet and confer was intended to operate. This Court's Letter Order was issued November 20, 2012 and afforded the parties just over three weeks to discuss their issues. The December 14th deadline was known by the parties well in advance and the meet and confer should have taken place earlier. Again, however, the Court does not find that this consideration bars the motion and shall address the arguments of the parties in turn.

The Court finds that IFF does not provide It with any case law requiring that a stay of discovery be granted when a motion to bifurcate is still pending. The cases that are cited by IFF are ones in which the court had already determined that bifurcation was warranted. The Court is unpersuaded that this reasoning should further extend to cases where bifurcation is merely pendin, especially given that there is a genuine factual dispute as to whether the subpoenas are designed to obtain evidence as to liability or damages, or both. Without a clear indication that the subpoenas were meant for a single purpose, the link between the information to be produced and the pending motion to bifurcate is simply too attenuated. Moreover, there is no indication that it would be uneconomical to move forward with production under the subpoenas at this time while the motion is still pending.

Lastly, the Court finds that IFF cannot claim an undue burden either for itself or for its customers in producing the information sought. IFF is not the party producing and none of the recipients have moved to quash on this, or any other, basis. Therefore, the motion to stay compliance with the subpoenas is DENIED.

### B. Designation of Produced Documents as FOCO

Likewise, the Court does not find IFF's argument to designate all documents FOCO for a period of at least thirty days to be persuasive. As has been noted, every third party which has produced documents in this matter has designated same as FOCO. There is no reason given by IFF why it suspects that the third parties would not designate their production as FOCO. IFF does, however, note that the third parties may not have the same confidentiality concerns as IFF and therefore, may not have the impetus to keep its production confidential. In light of the fact that the parties may not have contemplated under-designation of documents as confidential, the Court finds IFF's concerns to be justified. Therefore, the Court shall partially grant IFF's request

and order that, to the extent that any production made by any third party is not initially designated as FOCO, same shall be deemed FOCO for a period of fourteen days.

### IV.     Conclusion

For the reasons set forth above, IFF's Motion to Quash or Stay Compliance with the Third-Party Subpoenas and for Related Relief is DENIED with the slight exception as outlined above.   An appropriate Order follows.

Dated: February 13, 2013

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
