NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZOOMESSENCE, INC., : | |
| : | |
| Plaintiff, : | Civil Action No. 12-1471 (TJB) |
| : | |
| v. : | |
| : | |
| INTERNATIONAL FLAVORS AND : | MEMORANDUM OPINION |
| FRAGRANCES, INC., : | |
| : | |
| Defendants. : | |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Defendant International Flavors and Fragrances, Inc.'s ("IFF") motion to bifurcate the trial of this matter and to stay all damages-related discovery. [Docket Entry No. 112]. Plaintiff ZoomEssence, Inc. ("ZE") opposes IFF's motion. The Court has fully reviewed and considered all of the papers submitted in support of and in opposition to IFF's motion and considers same without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, IFF's motion is DENIED.

**I.     Background and Procedural History**

The parties and the Court are all familiar with the facts underlying this litigation. As such, they are not restated at length herein. This is an action for misappropriation of a trade secret, breach of contract and the duty of good faith and fair dealing while engaged in that misappropriation, as well as common law unfair competition and unjust enrichment. (*See* Compl. ¶¶ 56-76; Docket Entry No. 1). ZE claims that IFF's product "tru2Nature" was created by IFF

after ZE shared its trade secrets and technology with it and that IFF misused ZE's proprietary information and technology to create same. (*Id*. ¶¶ 54-55).

## II.     Arguments

### A.  IFF's Argument

IFF argues that it would be efficient for the Court to bifurcate the trial of this matter into two phases: liability and damages, with the Court only addressing damages if ZE succeeds on liability.  In addition, IFF argues that all discovery related to damages should be stayed pending a determination on IFF's liability for the claims raised by ZE.

#### 1. Bifurcation

IFF argues that under FED.R.CIV.P. ("Rule") 42(b), the Court has "broad discretion in separating issues and claims for trial." (*IFF's Brief in Support* at 10; Docket Entry No. 112-3 (internal quotation marks and citation omitted)).  IFF contends that bifurcation is appropriate where "(a) the issues to be decided are complex, and the fact finder is likely to become confused; (b) there will be little overlap in the testimony related to liability and the testimony related to damages; (c) a single trial will cause unnecessary delay; and (d) bifurcation will promote settlement." (*Id.* at 10-11).  IFF maintains that each factor falls in favor of bifurcating the trial of this action.

##### a.  *Complexity of Issues*

IFF submits that the testimony and evidence that will be presented concerning both liability and damages "will be lengthy, complex, convoluted and confusing to the laypeople serving as jurors." (*Id.* at 12).  IFF argues that the testimony regarding the spray-drying process will contain evidence on:

> (a) chemical processes, engineering and industry-specific manufacturing processes; (b) the knowledge in the industry of specific scientific evidence and theories that ZE claims as its own; (c) IFF's pre-existing knowledge of similar such evidence and theories; and (d) the similarities (if any) and differences between the highly-technical, science and engineering-driven processes used by ZE and IFF to create their respective flavored powders.

(*Id.*)   IFF places heavy emphasis on the fact that ZE failed to obtain injunctive relief against it, arguing that "ZE will undoubtedly redouble its efforts to make such a showing" and that the "scientific and technical evidence…will undoubtedly be repeated, expanded and amplified during a jury trial." (*Id.* at 13)   IFF argues that lay and expert testimony will be proffered on both liability and damages and that the jury will have difficulty understanding and separating these distinct issues.

IFF highlights that ZE's four causes of action seek different measures of relief, including damages, remuneration and disgorgement of profits. (*Id.* at 14).   IFF argues that there are subtle differences between each form of relief and that such minor distinctions may be inadvertently overlooked by the jury.   IFF maintains that "[t]he only way that the jury will be able to fairly assess the amount of damages, if any, is if the specific liability findings are determined before the jury hears any damages testimony, which would allow the parties to tailor their presentations regarding damages specifically to the prior liability findings."   (*Id.* at 16).

b.  *Overlap between Liability and Damages Evidence*

IFF additionally argues that there will be "little or no overlap" in the testimony regarding liability and damages.   (*Id.* at 17).   IFF contends that liability testimony involves "different time periods, different witnesses, different document custodians and different documents than the time periods, witnesses, custodians and documents pertaining to damages."   (*Id.* at 17-18).   IFF states that the data collected from its custodians "likely exceeds 10,000,000 total pages…of which

approximately 25% come from liability custodians and 75% from damages custodians." (*Id.* at 18). Therefore, IFF submits that it should not have to endure such extensive discovery relating to damages if liability is not yet determined.

### c. *Prejudice and Delay of a Single Trial*

IFF contends that bifurcating this matter could ultimately promote settlement by determining whether liability exists. IFF argues that if it prevails on liability, the case would end without either party having to conduct damages-related discovery or engage in damages-related motion practice. (*Id*. at 19). Further, IFF argues that if it does not prevail on liability, or prevails on certain claims, damages discovery would be lessened and the parties would be in a better position to negotiate a settlement. IFF maintains that any prejudice experienced by having two trials is outweighed by the prejudice that would result if the jury had to hear such complex and confusing testimony during one trial. (*Id.* at 20).

## 2. Stay of Damages-Related Discovery

IFF additionally moves the Court to stay all damages-related discovery "unless and until ZE establishes that IFF is liable to it on its claims for relief." (*Id.* at 21). IFF argues that a stay would save the parties from expending potentially unnecessary effort and money in producing the voluminous damages-related discovery that will be generated in this case. IFF argues that, if the matter were to be bifurcated, the Court should use Its inherent power to impose a stay on damages discovery.

### B. ZE's Argument

#### 1. Bifurcation

ZE argues that IFF has failed to show that bifurcation is warranted in this matter. ZE claims that bifurcation is only ordered "in exceptional circumstances." (*ZE's Brief in Opposition*

at 17; Docket Entry No. 117). Further, ZE argues that the moving party has the burden of showing that bifurcation promotes judicial economy and will not prejudice any party, a burden which ZE claims IFF has failed to carry. (*Id.* at 16).

### a. *Complexity of Issues*

ZE begins by arguing that IFF's case law is inapposite because the cases cited are patent cases. ZE argues that "[e]ven in patent cases, bifurcation is the exception, not the rule." (*Id.* at 24). ZE contends that IFF has not cited a single case granting bifurcation that involves one of the four claims asserted in this matter. In addition ZE argues that the issues involving its trade secret claims are not complex and will not confuse a jury. ZE submits that this case "involves a single plaintiff suing a single defendant, based on breaches of duties relating to one spray drying process." (*Id.* at 25). ZE argues that this case is no more complex than the ordinary trade secret case and that bifurcation is therefore not warranted. Further, ZE states that "any confusion to the jury can be remedied through appropriate limiting instructions" and that "[b]ifurcation…has the potential to create jury confusion by asking a damages jury to re-visit and makes sense of prior determinations by a different liability jury on overlapping issues." (*Id.*) As such, ZE contends that bifurcation is not appropriate in this matter.

### b. *Overlap between Liability and Damages Evidence*

ZE argues that IFF merely provides conclusory statements in support of its position that the evidence is separable. ZE claims that IFF has failed to provide the Court any record "on which to make a substantive assessment of the overlap of liability and damages issues." (*Id.* at 19). ZE maintains that "[e]ach of the proposed 'damages' witnesses and custodians is expected to testify on matters critical to establishing the elements of liability for each of [ZE]'s four claims for relief."

(*Id.*)  ZE specifically names several persons expected to testify and outlines why each will provide relevant testimony in both areas.   In addition, ZE provides examples of testimony that it anticipates will pertain to both liability and damages.  (*See Id*. at 22).   ZE argues that to the extent the testimony would overlap, it would be duplicative and wasteful for it to be presented twice.

### c. *Prejudice and Delay of a Single Trial*

ZE argues that "bifurcation would cause, rather than eliminate, unnecessary delay."   (*Id.* at 26).   Further, ZE submits that IFF would not be prejudiced by a single trial.  (*Id.*)   ZE challenges IFF's argument that it would be burdened by producing damages-related discovery, noting that IFF fails to even indicate whether the amount of data it claims will need to be produced "is at all atypical of a multi-million dollar claim such as this one." (*Id.* at 27).   ZE argues that IFF is a much larger business than itself and, as such, is capable of withstanding the adverse effects that bifurcation would have unlike ZE.   (*Id.* at 28).   Finally, ZE submits that settlement will not be facilitated by the lack of discovery regarding damages and that it is precisely this discovery that is needed to make settlement discussions worthwhile.   (*Id.* at 29).

### 2. Stay of Damages-Related Discovery

For the arguments set forth in opposition to IFF's proposed bifurcation, ZE also contends that the Court should not stay discovery.   (*Id.*)

### C.  IFF's Reply

IFF begins by reiterating that the Court has broad discretion under Rule 42(b) to bifurcate claims and issues at trial.   (*IFF's Brief in Reply* at 4; Docket Entry No. 120).   IFF maintains that testimony concerning "slurry composition, atomization, the purpose of dehumidification in the spray-drying process, and distinctions between ZE's purported trade secret processes and the tru2Nature process" are complex issues that will be confusing to a jury and additionally argues that

ZE has failed to show otherwise. (*Id.* at 5).   IFF contends that a mere jury instruction is simply not enough to remedy the confusion caused by the convoluted issues involved.   (*Id.* at 6).

Additionally, IFF counters ZE's argument that the testimony regarding liability and damages overlaps by stating that IFF "has never disputed that to some extent, certain individuals may be both liability witnesses and damages witnesses."   (*Id.* at 7).   However, IFF asserts that it has still shown that the issues are separable.   IFF argues that, while some basic testimony might overlap between the two, testimony regarding actual damages "will stretch well beyond amorphous, generalized concepts of 'value,' and will delve into statistical data related to…lost profits, sales figures, anticipated sales projections, market share and net profits."   (*Id.* at 8).   IFF argues that the overlap, if any, will be minimal and that "extensive, costly, and time-consuming discovery" on damages should not proceed before liability is established.   (*Id.* at 10).

In addition, IFF maintains that settlement would be promoted in the event that the matter is bifurcated.   Further, IFF restates that 75% of its discovery documents are from damages custodians and 25% are from liability custodians.   (*Id.* at 11).   IFF notes the imbalance in discovery burdens, with IFF being a much larger company than ZE, and argues that ZE should not be entitled to such extensive damages discovery until liability is established.   Consequently, IFF argues that damage discovery should be stayed pending a liability determination.

### III.   Analysis

#### 1. Bifurcation

Pursuant to Rule 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Under Rule 42, "a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management." *Medpointe*

*Healthcare, Inc. v. Hi-Tech Pharmacal Co., Inc.*, Civil Action No. 03-5550 (MLC), Civil Action No. 04-1686 (MLC), 2007 U.S. Dist. LEXIS 4652, at *12-13 (D.N.J. Jan. 22, 2007) (internal quotation marks and citation omitted).  "With regard to bifurcation decisions, the court must consider whether separate trials would 'further convenience or avoid prejudice' or promote judicial economy." *Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.,* 49 F.Supp. 2d 709, 721 (D.N.J. 1999) (citations omitted).  "Because 'a single trial tends to lessen the delay, expense and inconvenience to all parties,' the burden rests on the party seeking bifurcation to show that it is proper." *Id.* (quoting *Miller v. N.J. Transit Auth. Rail Operations*, 160 F.R.D. 37, 40 (D.N.J. 1995) (internal quotation marks and citation omitted)).  While no single factor is determinative, "[w]hen considering whether to bifurcate, 'courts should consider whether (a) there will be overlap in testimony and evidence between the two proceedings, (b) the issues to be decided at trial are complex and the factfinder is likely to become confused, (c) bifurcation will promote settlement, and (d) a single trial will cause unnecessary delay'." *Glennon v. Wing Enters., Inc.*, Civil Action No. 10-0324 (JAP), 2010 U.S. Dist. LEXIS 121547, *39 (D.N.J. Nov. 16, 2010) (quoting *Wyeth v. Abbott Labs.*, Civil Action No. 08-230 (JAP), Civil Action No. 08-1021 (JAP), 2010 U.S. Dist. LEXIS 116921, *2 (D.N.J. Nov. 3, 2010) (internal citation and quotation marks omitted)).

      The Court, in balancing the concerns set forth by IFF against the interests of judicial economy and efficiency, finds that bifurcating this matter into two trials, one on liability and the second on damages, is not warranted.  Although IFF argues that the issues and concepts to be presented will be complex and confusing to a jury, ZE correctly notes that IFF has not shown that this case would be any more complex than the average or typical trade secret case.  Moreover, IFF has not cited to a single misappropriation of trade secrets case where bifurcation was ordered.

Instead, IFF focuses almost exclusively on bifurcation decisions in patent cases to support its motion. Patent cases, however, are the one type of case in which courts generally are more willing to bifurcate trials and even in patent cases "bifurcation 'remains the exception rather than the rule[.]'" *Graco, Inc. v. PMC Global, Inc.*, Civil Action No. 08-1304 (FLW), 2009 WL 904010, *36 (D.N.J. March 31, 2009) (quoting *Innovative Office Prods., Inc. v. Spaceco, Inc.*, Civil Action No. 05-04037, 2006 WL 1340865, *1 (E.D.Pa. May 15, 2006)).

Although potentially detailed and intricate testimony may indeed be elicited at trial, the Court finds that jury instructions are an appropriate mechanism to minimize any confusion the jury might experience. Further, while IFF argues that liability testimony will involve "different time periods, different witnesses, different document custodians and different documents" than those regarding damages, IFF has also conceded that several of the same witnesses will be used in both areas. In addition, the Court finds that a single trial will not prejudice either party in this matter. While damages discovery may be time-consuming, IFF has not shown that it would be prejudicial to proceed with discovery in the normal course. Nor has IFF shown that proceeding with a single trial will unnecessarily delay the resolution of these proceedings. Further, contrary to IFF's arguments, the Court remains unconvinced that bifurcating the trial of this matter will promote settlement. As such, the Court finds that bifurcating the trial of this matter into separate liability and damages phases is not warranted in this case.[1]

### 2. Stay of Damages-Related Discovery

"It is...well settled that Magistrate Judges have broad discretion to manage their docket, and to decide discovery issues, including whether to stay discovery pending a decision on a

---

[1] While the Court finds that bifurcation is not warranted at this juncture, the Court is willing to consider trying the issue of liability before damages at trial. The Court, however, finds that it would be premature to determine this issue now. Instead, the parties may raise same at the Final Pretrial Conference.

dispositive motion." *Gerald Chamales Corp. v. Oki Data Americas, Inc.,* 247 F.R.D. 453 (D.N.J. 2007).  Because the Court finds that bifurcation is not warranted in this matter, the Court declines to stay damages-related discovery.

### IV.     Conclusion

For the reasons set forth above, IFF's motion to bifurcate the trial of this matter and to stay all damages-related discovery is DENIED.  An appropriate Order follows.

Dated: May 23, 2013

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
